142 F.3d 447
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel Drewlen WILKINS, II, Plaintiff-Appellant,
v.
James H. GOMEZ; John M. Ratelle, Warden; Glenn Jones;
Jesse Miles; F.D. Lundy; J.L. Voletti, Correctional
Counselor; California State Prison, Lancaster; Otis
Thurman, Warden; Unknown Bean, an individual; P.
Glauvrtich, an individual; R. Gutierrez; R. Quintero, Jr.;
L. Paraish; J. Terrell; C. Campbell, an individual; K.
Garland, an individual; Unknown Funtes, an individual;
Unknown Tome; Unknown Collins, an individual; A. Perez, an
individual; D. Whyte, an individual; Mike Yarborough, an
individual; Larry Hood, an individual; Unknown Webb, an
individual; Steve Crawford, an individual; L. Parish, an
individual, Defendants-Appellees.
 No. 96-56798.
D.C. No. CV-94-03005-WMB(SH).
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 23, 1998.
 
 Appeal from the United States District Court for the Central District of California William Matthew Byrne, Jr., Chief Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Daniel Drewlen Wilkins, II, a California state prisoner, appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action alleging violations of his First and Fourteenth Amendment rights as well as state-law causes of action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo both the district court's grant of summary judgment and the district court's dismissal for failure to state a claim, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.
 
 
 3
 Wilkins' opposition to defendants' motion for summary judgment neither contains nor was accompanied by any affidavits or exhibits supporting his allegations. In his opposition, Wilkins states that prison officials confiscated his legal materials upon his placement into administrative segregation and ordered him to send these materials home. Even construing Wilkins' opposition as a motion for a continuance under Fed.R.Civ.P. 56(f), Wilkins failed to establish that the materials which were sent home contained evidence demonstrating the existence of an absence of a genuine issue of material fact. See Barona Group of the Capitan Grande Band of Mission Indians v. American Management & Amusement, Inc., 840 F.2d 1394, 1400 (9th Cir.1987). Thus, the district court properly proceeded to deciding the merits of defendants' summary judgment motion.[1]
 
 
 4
 With respect to his retaliation claim, Wilkins failed to establish a link between defendants' allegedly retaliatory conduct and any protected conduct on his behalf or the absence of a legitimate penological interest supporting the allegedly retaliatory conduct. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir.1995); Barnett, 31 F.3d at 815-16. Assuming that Wilkins stated an access-to-the-courts claim independent of his retaliation claim, we conclude that he failed to establish that he suffered an actual injury due to an allegedly inadequate access to the prison law library. See Lewis, 116 S.Ct. at 2178-82.
 
 
 5
 With respect to the dismissal of Wilkins' due process claims, we conclude that the district court did not err by dismissing these claims for failure to state a claim. See Sandin v. Conner, 515 U.S. 472, 483-84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (deprivation of liberty); Barnett, 31 F.3d at 816-17 (deprivation of property).
 
 
 6
 With respect to the Wilkins' state law claims, we conclude that the district court did not abuse its discretion by declining to exercise jurisdiction over the claims after all the federal claims had been dismissed. See 28 U.S.C. § 1367; Reynolds v. County of San Diego, 84 F.3d 1162, 1171 (9th Cir.1996).
 
 
 7
 We deny Wilkins' motion to file an untimely reply brief.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 With respect to an access-to-the-courts claim based on the confiscation of his legal materials upon his placement in administrative segregation, we conclude that Wilkins failed to establish that such confiscation was unrelated to legitimate penological interests. See Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 2185, 135 L.Ed.2d 606 (1996)